UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LEONARDO CENTENO LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | Case No. 25-cv-04390-LB<br><br>**ORDER GRANTING IN PART AND DISMISSING IN PART THE MOTION TO DISMISS AND DENYING THE MOTION TO STAY DISCOVERY**<br><br>Re: ECF No. 5 |

**INTRODUCTION AND STATEMENT**

A victim of an assault identified his attacker as a Black male, age fifteen to eighteen, with an Asian female accomplice. The next day, the victim identified the plaintiff — a Latino male in his thirties — as the assailant and changed the description of the female accomplice to Latina. A security guard witnessed the assault. The San Francisco police did not interview the guard or review the security-camera video of the attack but arrested the plaintiff, despite acknowledging in the police report the victim's inconsistent descriptions. The San Francisco Public Defender and the District Attorney did not review the video for over four months. The video showed that the assailant was Black, and all charges against the plaintiff were dropped. The plaintiff spent fifteen days in custody, posted a $7,500 bail bond, spent four months on electronic monitoring, lost two months of

1  income, and had to recover his children from ICE custody.[1]

2  The plaintiff sued the City and County of San Francisco (CCSF) for violations of federal and state law. The federal claims are (1) arrest without probable cause (including failing to investigate and ignoring exculpatory evidence) and a subsequent unlawful detention for fifteen days, in violation of the Fourth, Eighth, and Fourteenth Amendments and 42 U.S.C. § 1983 (claim two), (2) arrest and detention without probable cause, in violation of the Fourth Amendment and § 1983 (claim three), (3) wrongful pretrial detention (based on the fifteen-day detention and subsequent electronic monitoring) in violation of the Eighth Amendment and § 1983 (claim four), and (4) failure to investigate exculpatory evidence, in violation of the Fourteenth Amendment and § 1983 (claim five). The state claims are statutory negligence and professional negligence (claims one and ten), a violation of privacy rights under Cal. Const. art. I, §§ 1, 7, & 13 (claim six), malicious prosecution (claim seven), false arrest and imprisonment (claims eight and nine), a violation of California's Bane Act, Cal. Civ. Code § 52.1, for unlawful arrest and detention (claim eleven), and assault and battery based on the seizure of the plaintiff (claim twelve). In addition to damages, the plaintiff seeks punitive damages.[2]

The CCSF moved to dismiss the federal claims against it because the plaintiff does not plausibly plead a *Monell* claim against the municipality, and it moved to dismiss all claims, largely on the ground that probable cause supports the plaintiff's arrest. It asked to stay discovery until the plaintiff pleads viable claims.[3] The court dismisses the federal claims against the CCSF (claims two through five), holds that the plaintiff plausibly claims wrongful arrest without probable cause, in violation of federal and state law (claims one, two, three, eight, nine, and eleven), and dismisses claims four and five without prejudice to asserting the correct legal theory, claim twelve without prejudice, any claim against the prosecutors and public defenders with prejudice on these facts and without prejudice if other facts can be alleged to support viable claims, the malicious-prosecution

---

[1] Compl. – ECF No. 1-1 at 7–18. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 7–19.

[3] Mot. – ECF No. 5. All parties consented to magistrate-judge jurisdiction. 28 U.S.C. § 636(c); Consents – ECF Nos. 8–9.

claim (claim seven) without prejudice, and the claims for professional negligence (claim ten) and punitive damages with prejudice. The court dismisses the breach-of-privacy claim (claim six) under Cal. Const. art. I, §§ 7 & 13 with prejudice and under § 1 without prejudice. The motion to stay discovery is denied.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations that, when accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020) ("[O]nly the *claim* needs to be plausible, and not the facts themselves . . . ."); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff" (cleaned up)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (cleaned up). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up).

If a court dismisses a complaint due to insufficient factual allegations, it should grant leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). If a court dismisses a complaint because its legal theory is not cognizable, the court should not grant leave to amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).

## ANALYSIS

The plaintiff named the CCSF and Doe officers as defendants. The CCSF moved to dismiss all claims: the claims against it because the complaint alleges only an isolated incident, not an unconstitutional policy, and the remaining claims, in part because probable cause supported the plaintiff's arrest and subsequent detention. The court dismisses the claims against the CCSF (claims two through five) but holds that fact issues about the reliability of the identification preclude the court's finding probable cause. The plaintiff thus plausibly claims wrongful arrest by the Doe defendants in violation of federal and state law (claims one, two, three, eight, nine, and eleven). The court dismisses the remaining claims for wrongful detention (claims four and five), breach of privacy under the California Constitution (claim six), malicious prosecution (claim seven), professional negligence (claim ten), assault and battery (claim twelve), and punitive damages, allows amendment to name the individual defendants, and denies the motion to stay discovery.

### 1. *Monell* Liability

To establish a *Monell* claim, the plaintiff must prove (1) a denial of a constitutional right, (2) the municipality had a policy, (3) the policy amounted to deliberate indifference to the plaintiff's constitutional right, and (4) the policy was the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Respondeat superior is not a sufficient basis for imposing liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 663–64 n.7 (1978). Policies can be written or unwritten customs or practices. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021). A municipality is liable for an unwritten policy or practice that is so permanent and well settled that it amounts to a "custom or

usage with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (cleaned up). *Monell* liability for an improper custom or practice cannot be predicated on isolated or sporadic incidents and instead must be so persistent and widespread that the custom or practice constitutes a permanent and well settled city policy. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A municipal policy of conducting arrests without probable cause can establish *Monell* liability. *Johnson v. Hawe*, 388 F.3d 676, 679 (9th Cir. 2004). But this case involves an isolated failure to review video footage, not a policy or a failure to train. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). Similarly, any claim that the CCSF conducted a biased investigation is based on the single incident, not a custom or practice of mishandling investigations. *Lee v. City of San Jose*, No. 23-cv-00788-BLF, 2023 WL 5072465, at *5 (N.D. Cal. Aug. 7, 2023) (dismissing claim alleging a biased investigation). The court dismisses the federal claims (two through five) against the CCSF.

**2. Other Claims**

Many of the remaining claims turn on whether there was probable cause for the arrest and the plaintiff's subsequent detention. The victim identified his assailant as a Black teen with an Asian female accomplice but then, the next day, identified the plaintiff, a Latino male in his thirties, as the assailant and changed his description of the female accomplice to Latina. The police report recognized the inconsistent identifications. Fact questions about the reliability of the identification preclude dismissal of the claims that allege wrongful arrest.

An arrest is supported by probable cause if, under the totality of the circumstances known to the arresting officer, a reasonably prudent person would conclude that there was a fair probability or substantial chance that the arrestee committed the crime. *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (en banc); *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010).

An eyewitness account of a crime can establish probable cause to arrest a suspect, even without an independent showing of the source's reliability, if the witness is fairly certain of the identification. *United States v. Hammond*, 666 F.2d 435, 439 (9th Cir. 1982). This requires a case-by-case determination when the witness is less certain. *Id.* (probable cause established by a bank teller's "less than certain" identification of a masked robber with a limp because officers observed

the suspect's limp and found a ski mask in his car). Whether eyewitness identifications establish probable cause to arrest turns on whether (1) the officers employed an identification procedure so impermissibly suggestive as to give rise to a substantial likelihood of misidentification and (2) the witness exhibited sufficient indicia of reliability to protect the integrity of the identification. *Grant v. City of Long Beach*, 315 F.3d 1081, 1086 (9th Cir. 2002). If there is probable cause, the police officers are not constitutionally required to investigate further, including by reviewing surveillance tape or interviewing potential witnesses. *Cole v. City of Emeryville*, No. C 08-02360-CRB, 2008 WL 4334694, at *5–6 (N.D. Cal. Sept. 22, 2008) (collecting cases); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1147 (9th Cir. 2012).

Fact issues about the reliability of the identification preclude dismissal.

The victim first identified his assailant as a Black teen with an Asian female accomplice, changing it the next day — apparently on viewing the plaintiff in a lineup — as a Latino in his thirties with a Latina accomplice. The plaintiff plausibly alleges that no reasonable officer would have relied on the victim's report without corroboration. *Mason v. Redwood City*, No. 17-cv-06283-RS, 2018 WL 1456691, at *3–4 (N.D. Cal. Mar. 23, 2018) (probable cause not established at the pleadings stage by a witness who admitted not seeing the face of the offender, identified a possible offender who looked completely different, admitted that she was bad with faces, and had misdemeanor convictions for dishonesty). Moreover, the identifications are diametric: that suggests an issue with the lineup procedures. *Grant*, 315 F.3d at 1086. At this stage of the case, the facts — viewed in the light most favorable to the plaintiff — are sufficient to state a claim for an arrest without probable cause. *Mason*, 2018 WL 1456691, at *4; *Castro v. City of Union City*, No. 14-cv-00272, 2015 WL 3799521, at *11 (N.D. Cal. June 18, 2015).

The CCSF cites cases holding that an eyewitness identification can establish probable cause.[4] The cases are distinguishable: all involved identifications that were certain or supported by indicia of reliability. *Russo v. City of Bridgeport*, 479 F.3d 196, 199 (2d Cir. 2007) (witness was "one hundred percent sure"); *Harvey v. City of Oakland*, No. C07-01681 SBA, 2008 WL 4790785, *1–

---

[4] Reply – ECF No. 11 at 6–8.

4 (N.D. Cal. Oct. 28, 2008) (confidential informant's identifying several of the assailants in surveillance footage by name plus multiple eyewitness identifications); *Skousen v. Brighton High School*, 305 F.3d 520, 528–29 (6th Cir. 2002) (victim identified her mother as the assailant, and medical records supported her claims); *Ahlers v. Schebil*, 188 F.3d 365, 370–71 (6th Cir. 1999) (the plaintiff did not allege that the eyewitness identification was untruthful or unreliable).

Because fact issues preclude determining that probable cause existed, the court denies the motion to dismiss any claims predicated on the alleged existence of probable cause. That results in the following outcomes.

One, the CCSF argues that because there was probable cause, the plaintiff cannot state Fourth Amendment claims (claims two and three) or state claims for statutory negligence, false arrest, and false imprisonment (claims one, eight, and nine).[5] The claims survive because the plaintiff plausibly alleged a lack of probable cause.

Two, the CCSF argues that there is no violation to support a Bane Act claim (claim eleven), and even if there was, the plaintiff did not allege the intent needed for a Bane Act claim because his claim — that the officers should have investigated further — is precluded by the existence of probable cause.[6] The Bane Act prohibits conduct interfering with rights under federal or state law if the interference was carried out by threat, intimidation, or coercion. *Reese v. County of Sacramento*, 888 F.3d 1030, 1040–41 (9th Cir. 2018). The police officers knew about the grossly different identifications and arrested the plaintiff anyway, even though there was video footage and another witness. The plaintiff plausibly pleaded a problematic witness identification, a lack of probable cause, and an obvious need for further investigation. The CCSF argues only that probable cause precludes the Bane Act claim, but the plaintiff plausibly pleads a lack of probable cause. The claim survives.

---

[5] *Id.* at 7–10.

[6] *Id.* at 11.

Three, the plaintiff concedes that he cannot state a claim under the Eighth or Fourteenth Amendments (claims four, for unlawful detention, and five, for failure to investigate).[7] Presumably the claims are predicated on the lack of probable cause, a legal theory that generally supports the claims. Indeed, the plaintiff argues only that his claims are predicated on the lack of probable cause, resulting in unlawful detention.[8] The plaintiff can clean up his claims and allege them under the proper legal theory, such as the Fourth Amendment. *Manuel v. City of Joliet*, 580 U.S. 357 (2017) (pretrial detention without probable cause violates the Fourth Amendment).

The remaining issues are whether the plaintiff pleads a claim for assault and battery (claim twelve), a claim against the prosecutors and public defenders, a malicious-prosecution claim (claim seven), claims for professional negligence (claim ten) and punitive damages, a breach-of-privacy claim under Cal. Const. art. I, §§ 1, 7, & 13 (claim six), and claims against the Doe defendants.

First, the CCSF moved to dismiss claim twelve, charging assault and battery, on the ground that the plaintiff did not allege unreasonable force.[9] The plaintiff contends that the state-law battery claim is a counterpart to a federal claim of excessive force, which requires unreasonable force, and that the force here was unreasonable because the police handcuffed him forcibly, without consent and without probable cause.[10] The plaintiff did not allege facts showing excessive force. Overly tight handcuffs sometimes can establish a Fourth Amendment violation, and sometimes they do not. *See Wall v. County of Orange*, 364 F.3d 1107, 1109–10, 1112 (9th Cir. 2004); *LaLonde v. County of Riverside*, 204 F.3d 947, 952, 960 (9th Cir. 2000); *Stevenson v. Jones*, 254 F. Supp. 3d 1080, 1085, 1091–92 (N.D. Cal. 2017). Usually, viable claims involve extremely tight cuffs and resulting injury. *Wall*, 364 F.3d at 1110, 1112. The plaintiff needs to describe more specifically what happened when he was handcuffed to state a claim. The court dismisses the claim.

---

[7] Opp'n – ECF No. 10 at 9–10.

[8] *Id.* at 17.

[9] Mot. – ECF No. 5 at 17.

[10] Opp'n – ECF No. 10 at 19.

Second, the CCSF contends that any claims against the prosecutors and public defenders are barred by immunity, an argument that the plaintiff does not dispute.[11]

Third, the CCSF argues that the plaintiff did not plausibly plead a claim for malicious prosecution because the police officers are immune under Cal. Gov't Code § 821.6.[12] Public employees, including police officers, are immune from liability for instituting or prosecuting any judicial proceeding. Cal. Gov't Code § 821.6; *Leon v. County of Riverside*, 14 Cal. 5th 910, 915, 918–19 (2023). That means that prosecutors and police officers are immune from the tort of malicious prosecution. *Id.* at 921. But § 821.6 does not protect investigators from liability for their investigation because "the conduct of an investigation, without more, is not an actionable institution or prosecution of a legal action." *Id.* To the extent that the plaintiff alleges a failure to investigate, that theory can be pursued, just not as a claim for malicious prosecution. *Id.*; *Machado v. Boyd*, No. 4:24-cv-03525-KAW, 2025 WL 1359064, at *10 (N.D. Cal. May 9, 2025).

Fourth, the plaintiff did not oppose the CCSF's argument that he did not state claims for professional negligence (claim ten) and punitive damages and thus conceded the argument. *Narang v. Gerber Life Ins. Co.*, No. 18-CV-04500-LHK, 2018 WL 6728004, at *4 (N.D. Cal. Dec. 21, 2018) (collecting cases).

Fifth, the CCSF moved to dismiss the plaintiff's claim for damages under Cal. Const. art. I, §§ 1, 7 and 13 (claim six).[13] The plaintiff concedes that there is no private right of action under §§ 7 and 13.[14] *Roy v. County of Los Angeles*, 114 F. Supp. 3d 1030, 1041–43 (C.D. Cal. 2015). California courts have not decided whether § 1 allows a lawsuit for damages.[15] *Avenmarg v. Humboldt County*, No. 19-cv-05891-RMI, 2020 WL 4464876, at *11–12 (N.D. Cal. Aug. 4, 2020). Deciding the issue would involve a detailed review of legislative intent. *Id.* The plaintiff did not provide any analysis allowing the court to determine whether a private right of action

---

[11] Mot. – ECF No. 5 at 14.

[12] *Id.* at 16.

[13] *Id.*

[14] Opp'n – ECF No. 10 at 13–14.

[15] *Id.* (making this point); Reply – ECF No. 11 at 9–10 (same).

ORDER – No. 25-cv-04390-LB                    9

exists here. The court dismisses the claim. *Cf. id.* at *12 (citing 28 U.S.C. § 1367(c)(1) and declining supplemental jurisdiction over the claim).

Sixth, the CCSF moved to dismiss the claims against the Doe defendants on the ground that the plaintiff has the police report and knows their names.[16] Often, the identity of defendants cannot be known before a complaint is filed. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). A plaintiff must be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *Id.* A failure to afford the plaintiff such an opportunity is error. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (abuse of discretion); *see also* Fed. R. Civ. P. 15(a) (leave to amend is freely given). The plaintiff can amend his complaint to name the individual defendants.

The last issue is the CCSF's motion to stay discovery. The court denies the motion because there are viable claims.

## CONCLUSION

The court dismisses the federal claims against the CCSF (claims two through five) without prejudice. For the claims against the Doe defendants, the Fourth Amendment claims (claims two and three) survive. The court also denies the motion to dismiss the state claims for statutory negligence, false arrest, false imprisonment, and a violation of the Bane Act (claims one, eight, nine, and eleven). The court dismisses claims four, for unlawful detention, and five, for failure to investigate, without prejudice to asserting the correct legal theory. The court dismisses the assault-and-battery claim (claim twelve) without prejudice, any claim against the prosecutors and public defenders with prejudice on these facts and without prejudice if other facts can be alleged to support viable claims, the malicious-prosecution claim (claim seven) without prejudice, and the claims for professional negligence (claim ten) and punitive damages with prejudice. The court dismisses the breach-of-privacy claim (claim six) under Cal. Const. art. I, §§ 7 & 13 with prejudice and the claim under § 1 without prejudice.

---

[16] Mot. – ECF No. 5 at 19–20; Reply – ECF No. 11 at 12–13.

The court will take up any timing issues regarding amendment and adding later-discovered Doe defendants at the initial case-management conference. The court denies the motion to stay discovery.

This resolves ECF No. 5.

**IT IS SO ORDERED.**

Dated: August 5, 2025

_____
LAUREL BEELER
United States Magistrate Judge