UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LEONARDO CENTENO LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 25-cv-04390-LB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: ECF No. 26 |

**INTRODUCTION**

This case arises from the plaintiff's arrest for an assault. The victim initially identified his assailant as a mixed-race Black male adult, approximately twenty-five years old, medium build (140 pounds), 5'4" to 5'6", with a female associate of unknown race. The next day, the victim saw the plaintiff — a Latino male in his thirties accompanied by a Latina companion — and identified them as his assailant and the accomplice. The police arrested the plaintiff, who spent fifteen days in custody before posting a $7,500 bond. He spent four months on electronic monitoring, lost two months' income, and had to recover his children from ICE custody. Ultimately the charges against him were dropped, allegedly because the video footage of the assault showed that the assailant was a Black male. He sued for wrongful arrest and unlawful detention, in violation of federal and state law. The court denied an earlier motion to dismiss the case in part, holding that the plaintiff

plausibly pleaded a lack of probable cause. Now, considering the victim's reports to the police under the incorporation-by-reference doctrine, the court dismisses the federal claims because probable cause existed for the arrest, and the defendants have qualified immunity in any event. The court lacks supplemental jurisdiction over the state claims, which are dismissed without prejudice to asserting them in state court.

## STATEMENT

The assault occurred on April 23, 2024, in the Bayview district in San Francisco.[1] The police report has two relevant sections: a checkbox section and a narrative section.[2] The checkbox section reflects the victim's identification of the assailant as Black, age eighteen to twenty-five, 5'4" tall, 140 pounds, black hair and brown eyes, accompanied by an Asian female, age eighteen to twenty, 5'6", 160 pounds, with unknown hair and eye color.[3] The narrative section describes the assailant as a "mixed race black male adult, approximately 25 years old" and the female suspect as a "female adult" of "unknown race." The victim said that he would recognize the male suspect if he saw him again.[4] A security guard witnessed the assault, which was captured on a surveillance video.[5]

The next day, April 24, 2024, at a Grocery Outlet on Bayshore Boulevard, the victim saw the plaintiff — a Latino male in his thirties accompanied by a Latina female — and identified them as the male assailant and female accomplice from the April 23 assault.[6] Based on this identification, responding police officers (and defendants) Paul Costa and Brandon Wong arrested the plaintiff, stating (according to the complaint), "[t]his is the guy we have [in our possession], so this is the guy

---

[1] First Am. Compl. (FAC) – ECF No. 20 at 5 (¶ 27). Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Initial Report, Ex. A to Wald Decl. – ECF No. 26-2. The court considers the police reports under the incorporation-by-reference doctrine because the complaint references them. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); FAC – ECF No. 20 at 5–6 (¶¶ 27–29).

[3] Initial Report, Ex. A to Wald Decl. – ECF No. 26-2 at 3.

[4] *Id.* at 5.

[5] FAC – ECF No. 20 at 6 (¶ 30); Initial Report, Ex. A to Wald Decl. – ECF No. 26-2 at 5.

[6] FAC – ECF No. 20 at 5 (¶ 28); Suppl. Report, Ex. B to Wald Decl. – ECF No. 26-3 at 6.

we are taking in [to jail]."[7] The incident report reflects that after he identified his assailant, the victim participated in a cold show and identified the plaintiff as his assailant and his companion as the female accomplice.[8] The complaint alleges that officers never interviewed the security guard or reviewed the security-camera video of the attack to confirm that the plaintiff was the suspect.[9] The surveillance video allegedly showed that the assailant was a Black male. All charges were dismissed, but not until the plaintiff spent fifteen days in custody, posted a $7,500 bond, spent four months on electronic monitoring, lost two months of income, and had to recover his children from ICE custody.[10]

The court dismissed an earlier complaint in part, with leave to amend.[11] The amended operative complaint has the following claims, asserted against the CCSF, Officers Paul Costa and Brandon Wong, and Sergeant Borremeo: (1) statutory negligence; (2) a violation of 42 U.S.C. § 1983 for arrest and detention without probable cause, in violation of the plaintiff's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution; (3) a violation of the Fourth Amendment to the U.S. Constitution for arrest without probable cause; (4) a violation of the Eighth Amendment for unlawful detention; (5) a violation of the plaintiff's due-process rights under the Fourteenth Amendment; (6) a violation of the plaintiff's rights for deprivation of liberty, privacy, and due process under Cal. Const. art. I, § 1; (7) false arrest under state law; (8) false imprisonment under state law; and (9) a violation of California's Bane Act, Cal. Civ. Code § 52.1, for unlawful arrest and prosecution.[12]

The parties consented to magistrate-judge jurisdiction. 28 U.S.C. § 636(c).[13] The court held a hearing on December 11, 2025.

---

[7] FAC – ECF No. 20 at 5 (¶ 28).
[8] Suppl. Report, Ex. B to Wald Decl. – ECF No. 26-3 at 6–7.
[9] FAC – ECF No. 20 at 6 (¶¶ 30–31).
[10] *Id.* at 7 (¶¶ 36–37).
[11] Order – ECF No. 16.
[12] FAC – ECF No. 20 at 6–11 (¶¶ 33–71).
[13] Consents – ECF Nos. 8–9.

**STANDARD OF REVIEW**

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). The court accepts as true the complaint's factual allegations and construes them in the light most favorable to the plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Threadbare recital of the elements of a claim, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**ANALYSIS**

The federal and state claims are predicated on the alleged lack of probable cause. There was probable cause for the arrest, the officers are entitled to qualified immunity in any event for the federal claims, and to the extent that the plaintiff can plead state claims, the claims are dismissed without prejudice to raising them in state court.

An arrest is supported by probable cause if, under the totality of the circumstances known to the arresting officer, a reasonably prudent person would conclude that there was a fair probability or substantial chance that the arrestee committed the crime. *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (en banc); *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010).

An eyewitness account of a crime can establish probable cause to arrest a suspect, even without an independent showing of the source's reliability, if the witness is fairly certain of the identification. *United States v. Hammond*, 666 F.2d 435, 439 (9th Cir. 1982). This requires a case-by-case determination when the witness is less certain. *Id.* (probable cause established by a bank teller's "less than certain" identification of a masked robber with a limp because officers observed the suspect's limp and found a ski mask in his car). Whether eyewitness identifications establish probable cause to arrest turns on whether (1) the officers employed an identification procedure so

1  impermissibly suggestive as to give rise to a substantial likelihood of misidentification and (2) the
2  witness exhibited sufficient indicia of reliability to protect the integrity of the identification. *Grant*
3  *v. City of Long Beach*, 315 F.3d 1081, 1086 (9th Cir. 2002). "Indicia of reliability include: 1) the
4  opportunity to view the criminal at the time of the crime; 2) the degree of attention paid to the
5  criminal; 3) the accuracy of the prior descriptions of the criminal; 4) the level of certainty
6  demonstrated at the time of confrontation; and 5) and the length of time between the crime and the
7  confrontation." *Id.* at 1087.

8  If there is probable cause, the police officers are not constitutionally required to investigate
9  further, including by reviewing surveillance tape or interviewing potential witnesses. *Cole v. City*
10 *of Emeryville*, No. C 08-02360-CRB, 2008 WL 4334694, at *5–6 (N.D. Cal. Sept. 22, 2008)
11 (collecting cases); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1147 (9th Cir. 2012).

12 Here, the victim provided an initial description of the assailant and, the next day,
13 independently identified the plaintiff as the assailant. No case establishes that the discrepancies in
14 identification like those here — independent victim variances in the description of the assailant —
15 negate probable cause. Even variances through police lineups do not necessarily negate probable
16 cause. *See, e.g.*, *Russo v. City of Bridgeport*, 479 F.3d 196, 199–200 (2nd Cir. 2007) (probable
17 cause where the cashier identified a suspect who was "younger, taller, balder, and with different
18 colored hair than the person whom the victim had described to the police" previously). That
19 conclusion means that the police officers are entitled to qualified immunity.

20 In determining whether an officer has qualified immunity, courts consider (1) whether the
21 officer violated a constitutional right of the plaintiff, and (2) whether that constitutional right was
22 "clearly established in light of the specific context of the case" at the time of the events in
23 question. *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011). In the context of unlawful arrest,
24 courts have summarized the two-step inquiry as "(1) whether there was probable cause for the
25 arrest; and (2) whether it is *reasonably arguable* that there was probable cause for arrest—that is,
26 whether reasonable officers could disagree as to the legality of the arrest such that the arresting
27 officer is entitled to qualified immunity." J*ohnson v. Barr*, 79 F.4th 996, 1005 (9th Cir. 2023)
28 (cleaned up). Regarding the second prong, "clearly established law" is not defined at a "high state

of generality" and instead "must be particularized to the facts of the case." *White v. Pauly*, 580 U.S. 73, 79 (2017) (cleaned up). "Although th[e Supreme] Court caselaw does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018).

The first prong is met because there was probable cause for the arrest. Even if that right is not clearly established under the facts here, the parties have not identified cases putting the issue of probable cause beyond debate in circumstances like those here. *Cf. Bell v. Neukirch*, 979 F.3d 594 (8th Cir. 2020) (denying qualified immunity for a false arrest where fourteen fact disputes — including the plaintiff's breathing normally after allegedly running a mile in seven minutes and very different descriptions — negated probable cause). The officers have qualified immunity for the federal claims.[14]

The court declines to exercise supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367(c)(3); *Love v. Marriott Hotel Servs., Inc.*, No. 3:20-cv-07137-TSH, 2021 WL 810252 (N.D. Cal. Mar. 3, 2021).

## CONCLUSION

The court dismisses the federal claims with prejudice and the state claims without prejudice to the plaintiff's pursuing them in state court.

This resolves ECF No. 26.

**IT IS SO ORDERED.**

Dated: December 11, 2025

LAUREL BEELER
United States Magistrate Judge

---

[14] The plaintiff also did not respond to the CCSF's arguments — that there is no *Monell* liability against the CCSF, supervisory claims against Sergeant Borremeo or Eighth or Fourteenth Amendment claims against the defendants — and thus concedes them. *Narang v. Gerber Life Ins. Co.*, No. 18-cv-04500-LHK, 2018 WL 6728004, at *4 (N.D. Cal. Dec. 21, 2008).